IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GODBEY, | No. C 11-03867 WHA |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED BASED ON THE ROOKER-FELDMAN DOCTRINE** |
| MEGAN FULLER, DANIEL HARKINS, NEOMA GOTTLIEB, and MAUREEN BRYAN-FURGURSON | |
| Defendants. | |

Plaintiff Mark Godbey brings this action against defendants for acts affecting plaintiff's parental rights. Mr. Godbey is **ORDERED TO SHOW CAUSE** why this action should not be dismissed based on the Rooker-Feldman doctrine by **NOON ON WEDNESDAY, DECEMBER 14, 2011**.

The Rooker-Feldman doctrine recognizes that federal district courts lack jurisdiction to review alleged errors in state-court decisions. A federal court may not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the

1 district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia
2 Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Such claims are barred "even where the party
3 does not directly challenge the merits of the state court's decision but rather brings an indirect
4 challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 n.4
5 (9th Cir. 2003).

**IT IS SO ORDERED.**

Dated: December 7, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2